# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>BRIAN BOULEY,<br><br>      Debtor. | Case No. 11-1682<br>Chapter 13<br><br><br>Re: Docket No. 19 |

## MEMORANDUM OF DECISION CONCERNING SANCTIONS

    The debtor filed a chapter 13 petition despite the fact that his admitted debts far exceed the maximum permitted for eligibility under that chapter. A creditor seeks sanctions against the debtor and his counsel for filing the petition. I will grant the motion.

    Brian and Corinne Bouley, a divorced couple, own (through their living trusts) a home in Kihei, Maui. They value the home at $6,623,900 and state that it is subject to secured claims of about $6,682,261.

    On March 28, 2011, Corinne Bouley filed a chapter 13 petition (bk. no. 11-00816). She filed her petition to block a foreclosure sale of the Kihei property that was scheduled for that day. David W. Cain signed the petition as Mrs. Bouley's attorney.

    A creditor of both Brian and Corinne Bouley, One Palauea Bay Community Association (the "Association"), filed a motion to dismiss Mrs. Bouley's case,

pointing out that her admitted secured debts were far greater than the maximum amount allowed for an eligible chapter 13 debtor.[1]  Bk. no. 11-00816, dkt. 19. Mrs. Bouley objected to the motion on the sole ground that "proper procedure is to object to plan." Id. dkt. 24, 25.  Mrs. Bouley offered no legal support for this procedural argument and never argued that she was eligible for chapter 13 relief.

Mrs. Bouley also moved for sanctions against the Association.  Id. dkt. 27. She argued that the Association violated the automatic stay by filing its motion to dismiss the bankruptcy case.  She offered no legal support for the novel argument that a creditor can violate the Bankruptcy Code's automatic stay by filing a motion in the bankruptcy court that the Bankruptcy Code expressly contemplates.

I entered an order dismissing the case on June 8, 2011.  Id. dkt. 48.  The next day, Mrs. Bouley withdrew the motion for sanctions.

On June 14, 2011, Brian Bouley filed the chapter 13 petition that commenced this case.  He listed the Kihei property as an asset and attributed to it the same value and the same amount of secured debt as his wife had.  David W. Cain signed the petition as Mr. Bouley's attorney.

---

[1] See 11 U.S.C. § 109(e) (2006) ("Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 ... may be a debtor under chapter 13 of this title.").

2

The Association moved to dismiss Mr. Bouley's case (dkt. 13), again pointing out that Mr. Bouley was ineligible for chapter 13 relief under section 109(e). Mr. Bouley did not respond to the motion and did not appear at the hearing. I dismissed the case.

The Association also filed a motion for sanctions against Mr. Bouley and Mr. Cain under Fed. R. Bankr. P. 9011. That rule provides, in relevant part:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

"The purpose of Rule 11 is to deter litigation abuse and unnecessary filings." In re Robinson, 198 B.R. 1017, 1023 (Bankr. N.D. Ga. 1996).

"By filing a bankruptcy petition for a debtor, an attorney is certifying to the best of the attorney's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, that the debtor's eligibility to file a bankruptcy

3

petition has evidentiary support." In re Lafeminia, 2006 WL 980520 (Bankr. M.D. N.C. Feb. 21, 2006); see also In re Rose, 2009 WL 2855802 (Bankr. D. D.C. Aug. 12, 2009); In re Kersner, 412 B.R. 733, 744-45 (Bankr. D. Md. 2009); In re Pettey, 288 B.R. 14, 23 (Bankr. D. Mass. 2003).

Mr. Bouley's chapter 13 petition had no legal basis. Mr. Cain admits that Mr. Bouley is over the debt limit and is therefore ineligible under chapter 13. He denies, however, that the filing was "frivolous." Dkt. 30 at 3. Mr. Cain cites other chapter 13 cases in this district where the court confirmed plans even though the debtors' debts exceeded the applicable eligibility limits.

The eligibility requirements of section 109(e) are not "jurisdictional." The court has jurisdiction over a chapter 13 case filed by an ineligible debtor and can convert such a case to chapter 7. In re Wenberg, 94 B.R. 631, 635-36 (B.A.P. 9th Cir. 1988), affirmed, 902 F.2d 768 (9th Cir. 1990). This implies that, if no one objects, the court can confirm a chapter 13 plan filed by an ineligible debtor. It does not mean, however, that the court could confirm such a plan over an objection.

Mr. Cain advances no legal theory – no "legal contention" based on existing law or an argument to change existing law – under which Mr. Bouley would be eligible for chapter 13 relief. Mr. Bouley could confirm a chapter 13 plan only if

4

no one raised the eligibility issue or he proposed a plan that persuaded the parties to drop any such objection. Because the Association had successfully moved to dismiss Mrs. Bouley's case based on ineligibility, Mr. Bouley and Mr. Cain could not have reasonably expected that the Association would forget that Mr. Bouley was also ineligible. Mr. Cain and Mr. Bouley did not attempt to negotiate a plan acceptable to the creditors; they did not even bother to oppose the Association's motion to dismiss his case.[2]

At the hearing on the motion for sanctions, Mr. Cain argued that Mr. Bouley intended, in good faith, to sell the property and pay his secured creditors out of the proceeds. This argument fails for three reasons.

First, Mr. Cain's argument is inconsistent with the plan that Mr. Bouley filed. The plan did not provide that he would sell the property. Instead, the plan provides that his co-debtor, presumably Mrs. Bouley, would make all mortgage and Association payments.

Second, the argument rests upon a misreading of rule 9011. Mr. Cain's argument implies that rule 9011 sanctions are warranted only if the debtor makes

---

[2] Mr. Cain argued that the Association failed to give "the 21 day notice to cure that is required by Rule 9011." Dkt. 25 at 2. This argument is frivolous. The twenty-one day safe harbor provision does not apply "if the conduct alleged is the filing of a petition in violation of [rule 9011(b)]." Fed. R. Bankr. P. 9011(c)(1); In re Silberkraus, 336 F.3d 864, 868 (9th Cir. 2003).

U.S. Bankruptcy Court - Hawaii    #11-01682    Dkt # 39    Filed 09/23/11    Page 5 of 8

an argument which is factually or legally unsound <u>and</u> does so for an improper purpose. The rule actually provides, however, that either lack of legal or factual basis <u>or</u> an improper purpose is sanctionable. Because Mr. Cain had no legal argument that Mr. Bouley was eligible for chapter 13 relief, Mr. Bouley's petition had no legal merit. Therefore, rule 9011 sanctions would be available even if Mr. Bouley's purposes were entirely proper.

Third, even if both lack of legal merit <u>and</u> improper purpose were required, I find that Mr. Bouley filed his petition for an improper purpose. He wanted to stave off the foreclosure of the property. That in itself is not an improper purpose. But because he was ineligible for chapter 13 relief, his wife's case had just been dismissed for that very reason, and there was no reason to think his creditors would overlook his ineligibility, he (and his attorney, Mr. Cain) could not have expected to solve the foreclosure problem permanently through chapter 13. He must have intended only to gain a temporary delay and postpone the inevitable day of reckoning.[3] A bankruptcy that is filed for the sole purpose of invoking the

---

[3] In a supplemental declaration filed (without the court's permission) after the hearing on the sanctions motion, Mr. Cain stated that, when Mr. Bouley filed his case, "the property was in escrow and was soon to close." Dkt. 35 at 2. Mr. Cain does not provide any evidence to corroborate this statement or any details about the sale. He does not explain why Mr. Bouley's schedules and statement of affairs do not disclose a pending sale contract, why he failed to inform the court of the pending sale in response to the motion to dismiss, why he did not seek court approval of the sale, why the plan did not refer to a sale, and why the sale did not close.

U.S. Bankruptcy Court - Hawaii   #11-01682   Dkt # 39   Filed 09/23/11   Page 6 of 8

automatic stay, without any reasonable expectation of a confirmed chapter 13 plan or other resolution consistent with the purposes of the Bankruptcy Code, is filed for an improper purpose.  See In re Silberkraus, 336 F.3d 864, 871 (9th Cir. 2003).

Both Mr. Bouley and Mr. Cain violated rule 9011 and both should be sanctioned.  Rule 9011(c)(2) provides that a represented party cannot be subject to monetary sanctions for a violation of rule 9011(b)(2). Mr. Bouley's petition violated both rule 9011(b)(2), because it lacked legal merit, and rule 9011(b)(1), because it was filed for an improper purpose.  Therefore, both the client and the attorney are subject to sanctions.

Rule 9011 sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed R. Bankr. P. 9011(c)(2).  A wide range of sanctions are available.  Id.

The correct sanction in this case is to require Mr. Cain to disgorge the entire amount which Mr. Bouley paid for Mr. Cain's services ($3,200, according to Mr. Cain's disclosure) and pay that amount to the Association.  This amount should be sufficient to deter future similar conduct because it will eliminate any gain to the attorney from filing such a case, extinguish Mr. Bouley's right to recover the unearned portion of the initial payment, and defray some of the losses, including unpaid Association fees and legal expenses, which the Association has incurred as

7

result of Mr. Bouley's bankruptcy filing (and the improper prior filing by Mrs. Bouley).

A separate judgment shall enter consistent with this decision.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 09/23/2011